IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONAH G. GARNIER,                                  )   No. C 08-2881 CW (PR)
                                                   )
        Plaintiff,                                 )   ORDER OF SERVICE
                                                   )
  v.                                               )
                                                   )
DONALD FISHER, et al.,                             )
                                                   )
        Defendants.                                )
_____           )

     Plaintiff Jonah G. Garnier, a state prisoner currently incarcerated at Avenal State Prison, has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while he was incarcerated at Marin County Jail. His motion for leave to proceed in forma pauperis has been granted.

     Venue is proper in this district because the acts complained of occurred while Plaintiff was confined in the Marin County Jail. 28 U.S.C. §§ 84(a), 1391(b).

BACKGROUND

     According to the allegations in the complaint, on October 18, 2007, Plaintiff was placed on suicide watch and put into a "safety garment." (Compl. at 3.) Defendants Deputies Henry McKenzie and Donald Fisher then transported Plaintiff to the Marin General Hospital Emergency Room. (Id.) Plaintiff claims that "throughout the whole duration, from leaving [his] cell to being escorted by two deputies through the public parking lot and crowded public emergency room, as well as during the admittance interviews and

examinations, [he] was wearing only a one piece 'Ferrgeson' safety garment." (Id.)  Plaintiff alleges that he was not provided with any clothing, and the safety garment he was wearing "partially exposed [his] genitals when sitting, and only covered one third of [his] body when standing." (Id.)  He alleges that being in public in this partially clothed state caused him "mental/psychological anguish." (Id.)

Plaintiff alleges that the failure to provide him with sufficient clothing in a public place over a number of hours amounted to a "clear violation of [his] Eighth Amendment constitutional rights." (Id., Inmate Grievance Form at 1.)  In addition to Defendants McKenzie and Fisher, he names the following Defendants:  the Marin County Jail and the Marin County Sheriff's Department.  He seeks injunctive relief and monetary damages.

DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must

2

allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

II.  Legal Claims

    A.  Injunctive Relief Claims

Plaintiff seeks both injunctive relief and monetary damages. However, he is no longer incarcerated at Marin County Jail, where the alleged violations took place. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. Pub. Utils. Comm'n of State of Cal. v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." Flast v. Cohen, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-transferred

to the prison where the injury occurred is too speculative to overcome mootness. Id.

Plaintiff's complaint alleges unconstitutional conditions of confinement during the period of his confinement at Marin County Jail. He sought injunctive relief to remedy these alleged injuries. On June 2, 2008, the date he filed his complaint, Plaintiff informed the Court he had been transferred to Napa State Hospital. He has since been transferred to San Quentin State Prison and then to Avenal State Prison. Because Plaintiff has not been incarcerated at Marin County Jail since at least June, 2008, his claims for injunctive relief from the conditions of his confinement there are DISMISSED as moot. The Court reviews Plaintiff's remaining claims for damages.

B. Eighth Amendment Claim

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993).[1] The Eighth Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1970); DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

---

[1] If Plaintiff was initially confined at the Marin County Jail and is now in prison, he may have been a pretrial detainee at the time of the alleged constitutional violations. When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).

4

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official must possess a sufficiently culpable state of mind, see id. (citing Wilson, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation.  The more basic the need, the shorter the time it can be withheld.  See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

In prison-conditions cases, the necessary state of mind is one of "deliberate indifference."  See, e.g., Farmer, 511 U.S. at 834. A prison employee is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Id. at 837.

Liberally construed, Plaintiff's allegations present a cognizable Eighth Amendment claim for deliberate indifference to his basic life necessities against Defendants Fisher and McKenzie.[2]

C.  Municipal Liability Claim

Plaintiff contends that Defendant Fisher informed him that the use of the "safety garment" was "per our policy."  (Compl. at 2.)

---

[2] Even if Plaintiff was a pretrial detainee at the time of the alleged violations, the Court would have also found that his allegations against Defendants Fisher and McKenzie present a cognizable claim for deliberate indifference in violation of the Due Process Clause of the Fourteenth Amendment.

5

Plaintiff also alleges that the second level review of his inmate grievance stated, "All Marin County Jail policies were followed." (Id.)  Therefore, Plaintiff claims that the use of the "safety garment" and the failure to provide him with sufficient clothing in a public place over a number of hours was sanctioned by the policies and practices of the Marin County Sheriff's Department or the Marin County Jail.  Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  See Plumeau v. School Dist. No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

    Liberally construed, Plaintiff's allegations are sufficient to state a cognizable municipal liability claim against the Marin County Sheriff's Department or the Marin County Jail.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002) (holding that it is improper to dismiss on the pleadings alone a § 1983 complaint alleging municipal liability even if claim

1  is based on nothing more than bare allegation that individual
2  employee's conduct conformed to official policy, conduct or
3  practice); accord Leatherman v. Tarrant County Narcotics
4  Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993)
5  (allegations of municipal liability do not require heightened
6  pleading standard).

CONCLUSION

8    For the foregoing reasons, the Court orders as follows:
9    1.   Plaintiff's claims for injunctive relief are DISMISSED as
10 moot.
11   2.   Plaintiff has stated a cognizable Eighth Amendment claim
12 against Defendants Fisher and McKenzie for deliberate indifference
13 to his basic life necessities.
14   3.   Plaintiff has stated a cognizable municipal liability
15 claim against the Marin County Sheriff's Department and the Marin
16 County Jail.
17   4.   The Clerk of the Court shall mail a Notice of Lawsuit and
18 Request for Waiver of Service of Summons, two copies of the Waiver
19 of Service of Summons, a copy of the complaint and all attachments
20 thereto (docket no. 1) and a copy of this Order to: the Marin
21 County Sheriff's Department and the Marin County Jail as well as
22 Deputies Donald Fisher and Henry McKenzie of the Marin County
23 Sheriff's Department.  The Clerk of the Court shall also mail a
24 copy of the complaint and a copy of this Order to the Marin County
25 Counsel's Office.  Additionally, the Clerk shall mail a copy of
26 this Order to Plaintiff.
27   5.   Defendants are cautioned that Rule 4 of the Federal Rules
28 of Civil Procedure requires them to cooperate in saving unnecessary

7

costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

     6.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

          a.    No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they

shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

<u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence

9

showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

     c. If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

     d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time

10

must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 7/7/09

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JONAH GABRIEL GARNIER,

        Plaintiff,

  v.

DONALD FISHER et al,

        Defendant.

Case Number: CV08-02881 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 7, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonah Gabriel Garnier G 29257
Avenal State Prison
P.O. Box 9
Avenal, CA 93204

Dated: July 7, 2009

                                    Richard W. Wieking, Clerk
                                    By: Sheilah Cahill, Deputy Clerk