IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAH GABRIEL GARNIER,<br><br>    Plaintiff,<br><br>  v.<br><br>DONALD FISHER, et al.,<br><br>    Defendants.<br>_____ | No. C 08-2881 CW (PR)<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

    Plaintiff Jonah Gabriel Garnier, a state prisoner currently incarcerated at Mule Creek State Prison, has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while he was incarcerated at Marin County Jail.  All Defendants move for summary judgment, arguing that there is no genuine issue of material fact and that they are entitled to the judgment as a matter of law.  Although given an opportunity, Plaintiff has not filed an opposition.  For the reasons discussed below, Defendants' motion for summary judgment is GRANTED.

BACKGROUND

    The following facts are undisputed, except where indicated.

    In October 2007, Plaintiff was placed on suicide watch after making statements that voices were telling him to hurt himself.  (Compl. at 3; Decl. McMains, Ex. D at ¶ 6.)  On October 18, 2007,

Defendants Deputies Henry McKenzie and Donald Fisher transported Plaintiff to the Marin General Hospital Emergency Room. (Compl. at 3.) From the time Plaintiff left his cell "to being escorted by two deputies through the public parking lot and crowded public emergency room, as well as during the admittance interviews and examinations, [he] was wearing only a one piece 'Ferrgeson' safety garment." (Id.)

Plaintiff was not provided with any clothing, and the safety garment he was wearing "partially exposed [his] genitals when sitting, and only covered one third of [his] body when standing." (Id.) Defendants McKenzie and Fisher were with Plaintiff at all times from leaving the jail until returning to the jail. (Decl. McKenzie, Ex. I at ¶ 6; Decl. Fisher, Ex. H at ¶ 6.) Defendants McKenzie and Fisher never saw any part of Plaintiff's body while they were with him except for his lower legs and arms. (Decl. McKenzie, Ex. I at ¶ 7; Decl. Fisher, Ex. H at ¶ 7.)

The Marin County Jail purchases its suicide cell smocks, item 505, from The Bob Barker Company. (Decl. Augustus, Ex. B; Ex. L.) These smocks are made to fit adults weighing between 100 and 300 pounds with a chest size of 44 inches to 56 inches and a center back length of 44 inches. (Ex. J.) On July 26, 2007, Plaintiff was 5 feet 7 inches tall and 160 pounds. (Ex. A.)

LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P.

56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that

the dispute exists." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323.

## DISCUSSION

This Court found cognizable the following claims based on Plaintiff's allegations: an Eighth or Fourteenth Amendment claim against Defendants Fisher and McKenzie alleging that they were deliberately indifferent and deprived Plaintiff of basic life necessities; and a municipal liability claim against Marin County Sheriff's Department or the Marin County Jail. Defendants move for summary judgment on both claims.

I.  Deliberate Indifference Claim

As pretrial detainees have not yet been convicted of an offense, the Due Process Clause of the Fourteenth Amendment prohibits holding them in conditions that "'amount to punishment.'"[1] Byrd v. Maricopa County Sheriff's Dep't., 565 F.3d 1205, 1216 (9th Cir. 2009) (quoting Bell v. Wolfish, 441 U.S. 520, 536-37 (1979)). Treatment of prisoners, who have already been convicted of an offense, is subject to scrutiny under the Eighth Amendment, which bans cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). "'Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, [a reviewing court]

---

[1] Defendants contend that Plaintiff was indeed a pretrial detainee at the time of the alleged violation, as he was being detained at Marin County Jail awaiting trial at the time of the alleged violations. (MSJ at 2, citing Ex. A.) Plaintiff does not dispute this.

4

appl[ies] the same standards.'" Byrd, 565 F.3d at 1216 (quoting Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998)).

A prison official violates the Eighth Amendment when two requirements are met: (1)"the deprivation alleged must be, objectively, 'sufficiently serious,'" see Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official must have acted with "a sufficiently culpable state of mind," see Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 297).

In determining whether a deprivation satisfies the objective component of an Eighth Amendment claim, a court must consider "[t]he circumstances, nature, and duration of the deprivation." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

As to the question of intent, in the pretrial context, whether a detainee was punished "turns on whether the action taken, or condition imposed, was accompanied by punitive intent." Byrd, 565 F.3d at 1217.

Here, even assuming that Plaintiff has suffered a sufficiently serious deprivation, see Farmer, 511 U.S. at 834, Plaintiff cannot show that Defendants acted with a culpable state of mind. See id. Because Plaintiff has not indicated that Defendants expressed an intent to punish him, in order to survive summary judgment, Plaintiff must proffer some material fact demonstrating that Defendants did something from which it can be inferred that they had a punitive intent. See Byrd, 565 F.3d at 1217. For example, punitive intent can be inferred if the challenged condition "is not reasonably related to a legitimate goal," Bell, 441 U.S. at 539, or if a defendant "knows that [the] inmate[] face[s] a substantial

5

risk of serious harm and disregards that risk by failing to take reasonable measure to abate it," Farmer, 511 U.S. at 847.

Plaintiff has not proffered any evidence demonstrating that the wearing of the suicide smock was not reasonably related to a legitimate goal. In their motion for summary judgment, Defendants argue that requiring Plaintiff to wear the suicide smock was an appropriate response to Plaintiff's suicidal behavior and resulting safety concerns. (Safety Cell Use, Ex. E at 2.) Defendants explain, and Plaintiff does not dispute, that Plaintiff was on suicide watch and pursuant to jail policy, then placed in a safety cell wearing a suicide smock after Plaintiff had refused to eat or drink for two days and continued to make statements that he was going to harm himself. (Decl. McMains, Ex. D at ¶¶ 6, 8.) Because Plaintiff had refused food and drink, and was further threatening to harm himself, transporting him to the hospital safely necessitated the use of the suicide smock pursuant to jail policy. (Decl. McMains, Ex. D at ¶ 9.)

Thus, in light of safety concerns underlying the use of the suicide smock, its use was reasonably related to a legitimate goal. See Bell, 441 U.S. at 539; cf. Anderson, 45 F.3d at 1315 ("Prison officials have to have some means of controlling violent or self-destructive inmates temporarily until the episode passes . . . . [P]rison officials are not culpable when they put an inmate who imminently threatens or attempts suicide temporarily in a place where he cannot hurt himself.").

Finally, Plaintiff has not shown that Defendants knew Plaintiff faced a substantial harm or deprivation and failed to take reasonable measures to address it. Farmer, 511 U.S. at 847.

6

1 Plaintiff's complaint alleges that he suffered both mental and
2 psychological anguish from wearing the suicide smock while being
3 transported to the hospital and during his examination at the
4 hospital because the smock "partially exposed my genitals when
5 sitting, and only covered one third of my body when standing."
6 (Compl. at 3.)  Taking all of the facts alleged by Plaintiff to be
7 true, there is no suggestion that Defendants knew that the suicide
8 smock caused Plaintiff to suffer because it lacked full coverage,
9 nor is there any evidence that either Defendant disregarded such
10 harm by failing to "take reasonable measures to abate it."  Byrd,
11 565 F.3d at 1218 (quoting Farmer, 511 U.S. at 847).

12      Plaintiff has submitted no evidence showing that Defendants
13 knew of a substantial risk of serious harm to Plaintiff in placing
14 him in the safety garment and disregarded that risk.  Farmer, 511
15 U.S. at 837.  In their motion for summary judgment, Defendants
16 submit evidence showing that a person of Plaintiff's size should
17 have been adequately covered with the suicide smock.  (Suicide
18 Smock description, Ex. J; Decl. Hanline, Ex. K. at ¶ 7.).
19 Defendants also submit, and Plaintiff does not dispute, that they
20 believed Plaintiff was fully covered by the suicide smock, which
21 suggests that they did not intend to punish him.  (Decl. Fisher,
22 Ex. H at ¶¶ 7, 9; Decl. McKenzie, Ex. I at ¶ 7.)  Moreover,
23 Defendants state they were acting in accordance with county safety
24 procedures prescribed for situations where a detainee was suicidal,
25 (Decl. Fisher, Ex. H at ¶ 12; Decl. McMains, Ex. D at ¶¶ 7, 9),
26 rather than seeking to punish Plaintiff.  Plaintiff does not
27 contest that he was suicidal at the time.  In fact, Plaintiff
28 actually agrees that Defendants were acting in accordance with

7

county policies.  (Compl. at 2.)

Accordingly, because the record does not provide any material fact in dispute as to whether Defendants acted with punitive intent, Plaintiff's claim cannot survive summary judgment.

## II.  Municipal Liability Claim

Plaintiff alleges that the use of the suicide smock and the failure to provide him with sufficient clothing in a public place was sanctioned by the policies and practices of the Marin County Sheriff's Department or the Marin County Jail.  Plaintiff contends that Defendant Fisher informed him that the use of the "safety garment" was "per our policy."  (Compl. at 2.)  Plaintiff also alleges that the second level review of his inmate grievance stated, "All Marin County Jail policies were followed."  (Id.)

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691.  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that there was a violation of the plaintiff's constitutional rights; (2) "that the municipality had a policy"; (3) that the policy constitutes "'deliberate indifference' to the plaintiff's constitutional right"; and, (4) that the policy was the reason for the constitutional violation.  Plumeau v. School Dist. No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (internal citations

omitted).

However, where as here, the conduct of individual employees is found reasonable and proper, the municipality or county cannot generally be held liable, because no constitutional violation occurred.  See Gregory v. County of Maui, 523 F.3d 1101, 1109 (9th Cir. 2008) (where officers did not use excessive force in violation of 4th Amendment, claims against the county also fail); Orin v. Barclay, 272 F.3d 1207, 1216-17 (9th Cir. 2001) (city not liable for 1st Amendment infringement when police officers had probable cause to arrest an anti-abortion protester for trespass and failure to disperse); Jackson v. City of Bremerton, 268 F.3d 646, 653-54 (9th Cir. 2001) (no supervisory or municipal liability existed where it was determined that plaintiff was not subjected to excessive force during her arrest).

Thus, Plaintiff's claim of municipal liability also cannot survive summary judgment.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED.  The clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED: 7/26/2010

 *Claudia Wilken*
 CLAUDIA WILKEN
 United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAH GABRIEL GARNIER,<br><br>       Plaintiff,<br><br>  v.<br><br>DONALD FISHER et al,<br><br>       Defendant.                          / | Case Number: CV08-02881 CW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonah Gabriel Garnier G 29257
Mule Creek State Prison
P.O. Box 409040
Ione, CA 95640

Dated: July 26, 2010

                                        Richard W. Wieking, Clerk
                                        By: Nikki Riley, Deputy Clerk